UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

Sheindy Grunhut,

                   Debtor.
-------------------------------------------------------x

Case No. 23-22120-cgm

Chapter 13

HON. Cecelia G. Morris

## MOTION FOR RELIEF FROM AUTOMATIC STAY

TO:   THE HONORABLE CECELIA G. MORRIS
       UNITED STATES BANKRUPTCY JUDGE

     Movant, SELENE FINANCE LP AS SERVICER FOR U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association (the "Movant"), by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

     1.    Sheindy Grunhut (the "Debtor"), filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on February 15, 2023. Debtor is not an infant, incompetent, or currently on active duty in the military service of the United States of America. See Federal Rule of Civil Procedure 55 Affidavit, attached hereto as Exhibit "A."

     2.    On January 30, 2018, Sheindy Grunhut executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $555,100.00 to The Federal Savings Bank, a Federal Savings Bank. The Mortgage, encumbering the real property located at 48 Horton Dr. Unit F2, Monsey, NY 10952 (the "Property"), was recorded on January 31, 2018 with Instrument No. 2018-00003283 of the Public Records of Rockland County, New York. Thereafter, the Note and Mortgage were transferred to Movant by

an Assignment of Mortgage and properly endorsed Note. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as Composite Exhibit "B." The documents include copies of the Note with any required indorsements, Recorded Mortgage, Modification, Assignment(s) of Mortgage, and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary.

3. Selene Finance LP services the underlying mortgage loan and note for the property referenced in this Motion for U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association (hereinafter, "Noteholder") and is entitled to proceed accordingly. Should the Automatic Stay be lifted and/or set aside by Order of this Court or if this case is dismissed or if the Debtor obtains a discharge and a foreclosure action is commenced or recommenced, said foreclosure action will be conducted in the name of the noteholder. The Noteholder has the right to foreclose because Noteholder is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the Promissory Note and the Promissory Note is either made payable to Noteholder or has been duly endorsed.

4. The terms of the aforementioned Note and Mortgage have been in post-petition default, and remain in default. Debtor has failed to make the current monthly mortgage payments due to Movant under the terms of the modified Mortgage. According to Movant's Relief from Stay-Real Estate and Cooperative Apartments Worksheet ("Worksheet"), as of May 3, 2023, the Mortgage is due for the March 1, 2023 through the May 1, 2023 payments, each payment in the

amount of $3,891.72, for a total of $11,675.16 due to Movant in missed payments. A true and accurate copy of the Worksheet is attached hereto as Exhibit "C."

5. That by failing to make mortgage payments, the Debtor has failed to provide Movant with adequate protection for its security, entitling Movant, its successors and/or assigns, to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

6. According to the Debtor's Schedule A/B, the value of the Property is $650,000.00. A copy of the Debtor's Schedule A/B, which is a permissible property valuation under Fed. R. Evid. 803(8) is attached hereto as Exhibit "D." As per Movant's Worksheet, the total amount of Movant's secured lien, as of May 3, 2023, is $697,860.92. Therefore, as Movant's lien exceeds the value of the Property, the Property does not have any equity.

7. Based upon the Debtor's Chapter 13 Plan (Docket No. 14), the property is treated outside the plan and Secured Creditor will receive payments directly included within the plan.

8. Movant's security interest in the Property is being jeopardized by Debtor's failure to comply with the terms of the subject loan documents while Movant is prohibited from pursuing lawful remedies to protect such interest. Movant has no protection against the erosion of its Property position and no other form of adequate protection is provided.

9. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

10. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this case pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief

from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

11. If Movant is not permitted to enforce its security interest in the Property or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

12. The Trustee shall be notified of any surplus monies realized upon sale of the property in a foreclosure proceeding brought by Movant.

13. Movant has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage. Movant requests approval of legal fees in amount of $1,050.00 and costs in the amount of $188.00 associated with this motion, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

14. Movant hereby waives the requirements of 11 U.S.C. § 362(e). The automatic stay of any act against property of the estate under § 362(a) shall continue until this Court orders or the stay is otherwise terminated by operation of law.

15. No previous application has been made for the relief request herein.

**WHEREFORE**, Movant, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. §§ 362(d)(1) and (d)(2), to permit Movant to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and for any such further relief as this Honorable Court deems just and appropriate.

DATE: May 24, 2023
      Westbury, NY

    ROBERTSON, ANSCHUTZ, SCHNEID, CRANE AND PARTNERS, PLLC
    Attorney for Secured Creditor
    900 Merchants Concourse, Suite 310
    Westbury, NY 11590
    Phone: (516) 280-7675
    Fax: (516) 280-7674

    By: /s/Raquel Felix
    Raquel Felix, Esq.
    Email: raqfelix@raslg.com